UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAMSON WOUBETU, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:22-cv-03292 (UNA) |
| BERHANE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss the complaint.

Plaintiff, who is currently domiciled in Washington, D.C., sues a defendant referred to as "Berhane," and/or "Birhane," located in Silver Spring, Maryland, and though the details regarding the identity of defendant are spare, it appears that defendant may be plaintiff's current or former landlord. The allegations against the defendant are equally hard to discern. Plaintiff objects to a recent eviction and seemingly alleges that defendant rendered him homeless, abused him, intended to kill him, and "sleep[s] with [his] wife." He demands $600,000 in damages.

Additionally, plaintiff seems to take issue with dismissals recently entered in other cases that he has filed in this District, and he then segues into more general allegations against more unspecified "defendants" who have allegedly prevented him from obtaining "food, money, [a] place to live, [and] clothes." He demands "justice" from the previous dismissing judges, contending that those judges should have written "to the police and police callers," and directed

them to "stop harassing and threatening" him at establishments that he frequents, including hotels and church.

*Pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls within this category. As presented, neither the court nor defendant can reasonably be expected to identify plaintiff's claims, nor is there any indication of how the Court has subject-matter jurisdiction over the suit. And to whatever extent plaintiff seeks reconsideration of dismissals in other cases, he must respectively file for such relief in those matters, not by initiating new litigation.

For all of these reasons, this case will be dismissed. A separate order accompanies this memorandum opinion.

DATE: November 17, 2022                                   ____/s/_____
                                                                                    JAMES E. BOASBERG
                                                                 United States District Judge